STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ANTHONY JOHN LA PORTE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 20, 1972—Decided July 5, 1972.

Before Judges LABRECQUE, KOLOVSKY and ALLCORN.

*Ms. Rosemary K. Reavey,* Assistant Deputy Public Defender, argued the cause for the appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Martha K. Kwilny,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Ralph J. Jabbour,* Assistant Prosecutor, argued the cause for the respondent (*Mr. Joseph P. Lordi,* Prosecutor of Essex County, attorney; *Mr. Jabbour* of counsel and on the brief).

PER CURIAM. ■ After a review of the record, the court is satisfied that the search of the defendant's automobile made subsequent to his arrest was reasonable and proper in view of the attendant circumstances, including the very real probability that the automobile contained the gun used or the money stolen in the Roselle armed robbery, or both. *Cf. Coolidge v. New Hampshire,* 403 *U. S.* 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) ; *Adams v. Williams,* 407 *U. S.* 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (Decided June 12, 1972). Accordingly, there was no error in the action of the trial court denying the motion to suppress.

■ The conviction of the defendant of the present charges of robbery, when armed (arising out of the Belleville hold-

up), must be reversed, however, despite the overwhelming evidence of his guilt of such charges. The defendant was unduly and improperly prejudiced at the trial by testimony on the State's case relating to the fact that he was "wanted" by the police of a neighboring community for another armed robbery; and by permitting the prosecutor to ask each of two character witnesses called by the defendant, whether they were aware that defendant, in March, 1970, "was arrested for the crime of embezzlement" from his then employer.

Notwithstanding the direction of the trial judge to "strike" the testimony regarding the other armed robbery, and his cautionary instructions to the jury on this testimony as well as on the information supplied to the jury by the prosecutor concerning the defendant's arrest for embezzlement, such extraneous, improper information could hardly have been ereased from the minds or the consideration of the individual members of the jury. With such information in mind, the jurors could not avoid being prejudiced by it in passing on the defendant's guilt or innocence of the charge of armed robbery, here involved.

Reversed and remanded for a new trial.